JUSTICE LEAPHART
dissenting.
¶16 I dissent.
¶17 Officer Van Dyken initiated the investigative stop of Grindeland’s vehicle based upon Grindeland’s failure to use his right turn signal in violation of § 61-8-336, MCA. The statute requires that a person shall not turn a vehicle “without giving an appropriate signal... in the event any other traffic may be affected by such movement.” This Court concludes that a driver is only required to use a turn signal when there is traffic which may, in fact, be affected by the turn. Van Dyken testified that there were other cars in the area at the time of the turn. However, he could not recall the location of those vehicles in relation to the intersection where Grindeland was executing the turn. Accordingly, the Court reasons that Van Dyken could not have reasonably determined that they may have been affected by Grindeland’s turn.
¶18 The Court’s interpretation of the statute is unreasonable. Under the Court’s interpretation, the State must show that a particular vehicle was, in fact, affected by the lack of a turn signal. This burden will require one of two things: (1) that the officer, instead of focusing his/her attention on the suspected driver, chase down other vehicles to ascertain whether they were affected by the suspect’s lack of a right hand turn signal, or (2) that the officer make some arbitrary assumptions based on the relative location of the “other traffic”: for example, that a vehicle approaching from the other direction will not be affected; that a vehicle approaching from the left might be affected or that a vehicle approaching from the right will not be affected. None of these assumptions are necessarily true. The officer cannot divine whether another vehicle was in fact affected unless he knows not only the location of the other vehicle but also what the other vehicle was going to do itself-turn, stop, continue forward, etc. That is an impossible burden. If there is traffic present at the time of the turn, the law, of necessity, assumes that that traffic may have been affected by the turn. The State should not be saddled with the impossible burden of showing that the other traffic was in fact affected.
¶19 I would reverse the decision of the District Court.